IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LUCRISTIA MATTHEWS                    *

                  Plaintiff         *

               vs.                *   CIVIL ACTION NO. MJG-12-1024

WELLS FARGO BANK, N.A.               *

             Defendant         *

*        *        *        *        *        *        *        *        *

MEMORANDUM AND ORDER

The Court has before it Defendant's Motion to Dismiss
[Document 14] and the materials submitted relating thereto. The
Court has held a hearing and had the benefit of the arguments of
counsel.

I.    INTRODUCTION

Plaintiff, Lucristia Matthews ("Matthews"), represented by
the same attorney as the Plaintiff in Spaulding v. Wells Fargo
Bank, N.A., Civ. Action GLR-11-2733, presents essentially the
same claims against the same Defendant.

In suffices to state that here, as in Spaulding, the
Plaintiff was unhappy because Wells Fargo Bank, N.A. ("Wells
Fargo") did not give her a loan modification under the Home
Affordable Modification Program ("HAMP").  It is well recognized
that there is no private cause of action for a bank's denial of

a HAMP application.  E.g., Coulibaly v. J.P. Morgan Chase Bank, N.A., Civil Action No. DKC 10-3517, 2011 WL 3476994, at *15 (D. Md. Aug. 8, 2011).  Nevertheless, Matthews - like the Plaintiff in Spaulding - seeks to impose a contractual/estoppel obligation upon Wells Fargo to grant a HAMP loan and wants Wells Fargo to pay damages for its failure to do so.

The essence of Matthews' contract/estoppel theory is, as espoused by the plaintiff in Spaulding, that by soliciting and receiving an application for a HAMP loan, (1) the bank created a contractual/estoppel obligation to grant a HAMP loan modification if the HAMP standards were met, and (2) created a tort duty to Matthews in regard to its processing the application.  Moreover, asserting that the bank didn't intend to comply with its "obligation" to apply the HAMP standards or process the application non-negligently, Matthews seeks to hold the bank liable for fraud, negligent misrepresentation, and/or engaging in deceptive trade practices.

Matthews presents her claims in six Counts:

Count I – Maryland Consumer Protection Act

Count II – Common Law Fraud

Count III – Promissory Estoppel

Count IV - Negligence

Count IV – Negligent Misrepresentation

Count VI - Breach of Implied-in-fact Contract

By the instant motion, Defendant seeks dismissal of all claims.

II.  DISCUSSION

In every material respect,[1] the instant Complaint is the same as, or equivalent to, the complaint considered and dismissed in Spaulding.

Matthews responded to the decision in Spaulding by stating disagreement.  The only asserted material difference between Matthew's Complaint and that presented in Spaulding was said to be the citation of "different misrepresentations."  However, the said "different misrepresentations" do not lead this Court to reach a different result than that reached by Judge Russell.

The Court, having carefully considered the parties' filings and presentations at argument, finds no reason to disagree with the decision rendered by Judge Russell in Spaulding.  Nor does there appear to be sufficient material difference to warrant the Courts' engaging in the exercise of writing a separate decision essentially duplicative of that rendered in Spaulding.  Thus, the Court adopts, mutatis mutandis, the decision of Judge

---

[1] The only additional count herein is one presenting a purported "promissory estoppel" claim that is essentially duplicative of the breach of contract claim.

Russell in <u>Spaulding</u> as its decision and shall follow its
rationale.

III. <u>CONCLUSION</u>

    For the foregoing reasons:

        1.   Defendant's Motion to Dismiss [Document 14] is
           GRANTED.

        2.   Judgment shall be entered by separate Order.

    SO ORDERED, on <u>Wednesday, September 5, 2012</u>.

                              _____
                                    /s/
                                Marvin J. Garbis
                      United States District Judge